UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Charlene Simpkins,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-2771 (APM) |
| ) | |
| **David Ellsberg** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

Plaintiff, appearing *pro se* and *in forma pauperis* (IFP), brings this action against the U.S. Department of Homeland Security and certain employees; the U.S. Marshals Service and certain employees; the D.C. Department of Behavioral Health and certain employees; and the D.C. Metropolitan Police Department. For the reasons explained below, this case will be dismissed pursuant to the screening requirements of 28 U.S.C. § 1915.

**II.  BACKGROUND**

On Saturday, October 18, 2014, Plaintiff allegedly "attempted to enter" this court's "Prettyman Building so that [she] could deposit a filing into the after-hours drop box[.]" Revised Compl., ECF No. 11, at 9. After showing her identification, as requested, Plaintiff was "approached by" security officers and "told that [she] could not enter the building." *Id*. She "was then subjected to physical obstruction by security guard [D'Angelo] Hicks and his male colleague (USM-I)," who "seemed determined to prevent [Plaintiff] from placing the motion into the after-

hours box or entering the building." *Id*.  Admittedly, Plaintiff was told she "was trying to enter a Building that was closed on Saturdays." *Id*.  After insisting that she wanted only to use the drop box, Plaintiff "was told that the building was closed to [her]." *Id*.  Then, "some bizarre activity occurred." *Id.* at 10.  Plaintiff was directed not to leave the building yet was told that she was not under arrest. *Id*.  Then, "two individuals attired in D.C. law enforcement apparel appeared and began to search" Plaintiff.  *Id*.  After speaking briefly with Hicks, those individuals left and "a male who gave his name as Lt. David Ellsberg came into the lobby from outside the building." *Id*. at 11.  Ellsberg reiterated that Plaintiff was not under arrest but "said 'we'll think of something.'" *Id*.

      Plaintiff was handcuffed and "taken against [her] will out of the [courthouse] to a SUV . . . with the initials DHS painted on the vehicle door." *Id*. at 11.  She was taken to a room in a building located "at the side of the former D.C. General Hospital," where the handcuffs were removed.  *Id*.  Plaintiff was questioned by Ellsberg and staff at the District's Comprehensive Psychiatric Evaluation Program (CPEP) and eventually "injected against [her] will with a needle, the contents of which [she] was not informed." *Id*. at 12.  Thirty minutes later, Plaintiff met with a doctor who informed her that she would remain at the facility "until bought before a judge in about three or four days where the decision would be made concerning [her] release or continued stay within the facility." *Id*.

      In this civil action filed on October 17, 2021, Plaintiff brings

> charges concerning the intimidation, harassment, oppressive force, denial of entry into a federal government building/courthouse, and of access to equipment designated to assist in the process of obtaining legal remedy to a complaint, and over other threat based efforts to her person that were encountered from Defendants who on or about October 18, 2014 participated in the willful movement of my person against my will from the Federal District Court housed within the Prettyman Building to some other location without my

2

> permission where I was held for one day with escape only occurring as a result of yet another motor vehicle transfer of my person.

*Id*. at 3-4.[1] She alleges that the "actions outlined" in the complaint "were committed with the intent to deprive me a woman of color who has a civil rights history of activism[.]" *Id*. at 4. Plaintiff seeks declaratory and injunctive relief, and a total of $30 million in compensatory and punitive damages. *See id*. at 20-21.

### III.    DISCUSSION

In IFP cases, the Court "shall dismiss the case at any time" if it determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under this provision is appropriate if "the complaint on its face is conclusively time-barred." *Bregman v. Perles*, 747 F.3d 873, 875 (D.C. Cir. 2014); *see Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 n.11 (D.N.J. 2003) ("Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a *pro se* civil rights claim whose untimeliness is apparent from the face of the Complaint.") (citing Second, Eighth, and Tenth Circuit cases)); *accord Buchanan v. Manley*, 145 F.3d 386, 388 (D.C. Cir. 1998) (reasoning that "[i]n cases where the complaint is dismissed

---

[1] Plaintiff also alleges that she "has been victimized by a myriad of acts that appear linked to some hate, threat, and/or penalty based operation of and through forces in a way similar to klan activity fought by civil rights leaders" and other bizarre occurrences. Revised Compl. at 15-18. To the extent that such allegations are separate from the untimely § 1985 conspiracy claim discussed *infra*, the minimal pleading standard under Fed. R. Civ. P. 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "federal courts are without power to entertain claims otherwise within their jurisdiction if," as here, "they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial,  [or] obviously frivolous," *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted).

before it is served, a defendant who never had notice of the suit cannot be said to have waived an affirmative defense").

Plaintiff brings this action under the civil rights laws codified at 42 U.S.C. §§ 1981, 1985(3), 1986, and federal criminal statute 18 U.S.C. § 242.  Revised Compl. at 4-5.  "The Supreme Court has 'rarely implied a private right of action under a criminal statute,'" *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77 (D.C. Cir. 2017) (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979), and it is settled that § 242 provides "no private right of action[.]" *Crosby v. Catret*, 308 Fed. App'x 453 (D.C. Cir. 2009) (per curiam).  Therefore, the claim arising under the criminal statute is dismissed.

As for the remaining claims, federal law provides:

> (a) Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [on Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues.
> (b) Notwithstanding subsection (a), a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of—
> (1) 2 years after the discovery of the facts constituting the violation; or
> (2) 5 years after such violation.

28 U.S.C. § 1658.  A claim generally accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Earle v. D.C.*, 707 F.3d 299, 305 (D.C. Cir. 2012) (internal quotation marks and citation omitted).  "Stated differently, under federal law, a claim accrues when 'the factual and legal predicates for filing suit are in place,'" *Crafton v. D.C.*, 132 F. Supp. 3d 1, 8 (D.D.C. 2015), *aff'd*, No. 15-7122, 2016 WL 3545194

(D.C. Cir. June 10, 2016) (quoting *Earle*, 707 F.3d at 306), save exceptions not shown to apply here. *See id*. (discussing discovery rule).

Plaintiff's civil rights claims, to the extent intelligible, accrued on October 18, 2014. Therefore, she had at most four years in which to bring this action. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004) (limitations period for claims arising under § 1981 is four years); *Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir. 2002) ("[T]he relevant statute of limitations for a § 1985[ ] violation in this jurisdiction is three years.") (internal quotation marks and citation omitted)); 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."); *see also Lewis v. Bayh*, 577 F. Supp. 2d 47, 52 (D.D.C. 2008) (applying the District's residual or general personal injury statutes of limitations to claims not governed by § 1658, the longest period of which is three years). Plaintiff filed this case more than three years after the most generous four-year statute of limitations expired. Therefore, it will be dismissed as untimely.

A separate order accompanies this memorandum opinion.

Dated: July 18, 2022

Amit P. Mehta
United States District Judge